UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID EARL RAY GALLEGOS,<br><br>      Plaintiff,<br><br>  v.<br><br>TRACI CARTER, et al.,<br><br>      Defendants. | CASE NO. 2:25-cv-01760-BHS-DWC<br><br>ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR COUNSEL WITHOUT PREJUDICE |

  The District Court has referred this *pro se* prisoner civil rights action to United States Magistrate Judge David W. Christel. Currently before the Court are two motions filed by Plaintiff David Earl Ray Gallegos: a motion for leave to file a second amended complaint (Dkt. 8) and a motion to appoint counsel (Dkt. 10). Defendants have appeared in this action but have not responded to either motion. *See* docket. For the reasons below, the motion to amend (Dkt. 8) is GRANTED and the motion to appoint counsel (Dkt. 10) is DENIED without prejudice.

  **I. Background**

  Plaintiff initiated this action on September 11, 2025. Dkt. 1. The Court declined to serve Plaintiff's original complaint but granted him leave to amend. Dkt. 5. Plaintiff filed an amended

ORDER GRANTING MOTION TO AMEND AND
DENYING MOTION FOR COUNSEL WITHOUT
PREJUDICE - 1

1  complaint on October 13, 2025, and the Court directed service of the amended complaint on

2  Defendants. Dkts. 6, 7. On December 2, 2025, Plaintiff filed a motion for leave to file a second

3  amended complaint with the proposed second amended complaint attached. Dkt. 8. Defense

4  counsel filed a notice of appearance the following day. Dkt. 9. On December 9, 2025, Plaintiff

5  filed a motion requesting appointment of counsel. Dkt. 10. Defendants did not respond to either

6  of Plaintiff's pending motions. *See* docket.

**II.    Motion for Leave to File Second Amended Complaint (Dkt. 8)**

After a party has amended a pleading once as a matter of course, the party may amend the pleading again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Because Defendants have not given consent, Plaintiff must have the Court's leave to file the second amended complaint. Federal Rule of Civil Procedure 15(a) "is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). When determining whether to grant leave to amend, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

In his motion, Plaintiff states the second amended complaint contains corrected dates for the alleged constitutional violations. Dkt. 8.[1] The Court finds no evidence of bad faith, undue delay, prejudice to Defendants, or futility. Plaintiff previously amended his complaint before

---

[1] Plaintiff further requests that the Court remove or ignore a portion of his proposed second amended complaint. *See* Dkt. 8 at 2. The Court will not make changes to Plaintiff's filings. If Plaintiff wishes to make further amendments to his complaint, he may file another motion.

ORDER GRANTING MOTION TO AMEND AND
DENYING MOTION FOR COUNSEL WITHOUT
PREJUDICE - 2

service and after being given leave to do so by the Court. Defendants have not opposed this motion. Considering these factors, the Court finds the interests of justice require that Plaintiff's motion to amend (Dkt. 8) be granted.

### III. Motion to Appoint Counsel (Dkt. 10)

There is no constitutional right to appointed counsel in a § 1983 action. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). A district court may appoint voluntary counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but only in "exceptional circumstances." *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court evaluates "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Therefore, to show exceptional circumstances warranting appointment of counsel, a plaintiff must plead facts showing he has (1) an insufficient grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his motion, Plaintiff states he has been diagnosed with schizoaffective disorder – depressive type and "suffers from hallucinations that make it difficult for [him] to perform some daily tasks including tasks of legal work in this current case." Dkt. 10 at 2. He also asserts he will have difficulty accessing necessary documents in a timely manner, lacks adequate education to argue his case at trial, and does not have funds to pay for counsel. *Id.* Plaintiff argues that this is

ORDER GRANTING MOTION TO AMEND AND
DENYING MOTION FOR COUNSEL WITHOUT
PREJUDICE - 3

1  an "exceptional situation" because his "daily auditory hallucinations make it impossible" for him
2  to pursue this case without assistance of counsel. *Id.* at 3.
3      At this time, Plaintiff has not shown, nor does the Court find, this case involves
4  especially complex facts or law. In addition, Plaintiff has not shown an inability to articulate the
5  factual basis of his claims in an understandable manner. Rather, despite his mental health
6  challenges, Plaintiff's filings thus far demonstrate he is able to articulate his requests in a way
7  that is understandable to the Court. While Plaintiff may be able to better litigate this case with
8  appointed counsel, that fact alone does not establish exceptional circumstances warranting the
9  appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Because
10 Plaintiff has not shown appointment of counsel is appropriate at this time, his motion to appoint
11 counsel (Dkt. 10) is denied without prejudice.
12     Dated this 7th day of January, 2026.

*[signature]*

David W. Christel
United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND AND
DENYING MOTION FOR COUNSEL WITHOUT
PREJUDICE - 4