UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID EARL RAY GALLEGOS,

Plaintiff,

v.

TRACI CARTER, et al.,

Defendants.

CASE NO. 2:25-cv-01760-BHS-DWC

ORDER ON MISCELLANEOUS MOTIONS

Plaintiff David Earl Ray Gallegos proceeds *pro se* and *in forma pauperis* in this civil rights case under 42 U.S.C. § 1983. The District Court has referred this action to United States Magistrate Judge David W. Christel. Multiple motions are currently pending before the Court: Defendants' motion to dismiss for failure to state a claim (Dkt. 13), Defendants' motion to seal (Dkt. 14), Plaintiff's motion to deny motion to dismiss (Dkt. 17), Defendants' motion to strike Plaintiff's motion to deny (Dkt. 18), Plaintiff's motion to consider his request to proceed (Dkt. 19), and Defendants' motion to strike Plaintiff's request to proceed (Dkts. 21, 23).[1]

---

[1] The Court notes Defendants' motion to strike (Dkts. 21, 23) is noted for consideration on April 8, 2026. However, the Court finds further briefing is not necessary in light of the record before the Court.

ORDER ON MISCELLANEOUS MOTIONS - 1

I.    **Background**

Plaintiff initiated this case on September 11, 2025. Dkt. 1. On November 10, 2025, the Court directed service of Plaintiff's amended complaint on Defendants. Dkt. 7. Plaintiff then sought leave to file a second amended complaint, which was granted on January 7, 2026. Dkt. 11. On January 22, 2026, Defendants responded to the second amended complaint with a motion to dismiss for failure to state a claim. Dkt. 13. The same day, Defendants also moved to seal a declaration of Defendant Carter and filed the document under seal. Dkts. 14, 16.

On February 17, 2026, Plaintiff filed a "motion to deny motion to dismiss." Dkt. 17. Defendants filed a reply and motion to strike on February 19, 2026, arguing Plaintiff's pending motion amounted to an untimely response to the motion to dismiss and should be stricken. Dkt. 18. On March 5, 2026, Plaintiff filed a "motion to consider Plaintiff's request to proceed" in which he argued his motion to deny the motion to dismiss should be considered because he misunderstood the response deadlines and has limited access to law library materials. Dkt. 19. On March 11, 2026, Defendants filed a *Rand* notice with the Court advising Plaintiff that they had filed a motion seeking to have his case dismissed and detailing what Plaintiff must do to oppose the motion. Dkt. 20. Defendants then filed a motion to strike Plaintiff's motion to consider his request to proceed on March 18, 2026, arguing the filing was improper. Dkts. 21, 23.[2] Defendants also assert Plaintiff received the *Rand* notice at the same time as the motion to dismiss. Dkts. 21, 22, 23.

---

[2] Defendants filed a corrected version of their motion on March 19, 2026. Dkt. 23. The corrected version includes a signature that was missing from the original filing but appears to be otherwise identical. *See* Dkts. 21, 23.

ORDER ON MISCELLANEOUS MOTIONS - 2

## II.   Discussion

### A.  Motion to Seal (Dkt. 14)

On the same day they filed the motion to dismiss, Defendants moved to seal an accompanying declaration with attached exhibits consisting of Plaintiff's mental health records. Dkt. 14. Defendants assert they attempted to meet and confer with Plaintiff but were unable to reach him. *Id.* at 2. Defendants filed the document under seal. Dkt. 16. Plaintiff did not address this motion in his subsequent filings. *See* Dkts. 17, 19.

The Court recognizes the documents Defendants request be sealed are sensitive in nature. Therefore, Defendants' motion to seal (Dkt. 14) is GRANTED, and the documents containing Plaintiff's mental health treatment information (Dkt. 16) will remain under seal.

### B.  Remaining Motions (Dkts. 17, 18, 19, 21, 23)

The Court acknowledges Defendants' position that the *Rand* notice was served on Plaintiff simultaneously with the motion to dismiss. However, in an abundance of caution and in light of Plaintiff's *pro se* status and Defendants' recent filing of a *Rand* notice with the Court, the Court finds an extension of time for Plaintiff to respond to the motion to dismiss is appropriate. Plaintiff will have until **April 17, 2026,** to file a response to the motion to dismiss. The motion to dismiss will be noted for the Court's consideration on **April 24, 2026**. Defendants will be permitted to file a reply to Plaintiff's response.

Accordingly, Plaintiff's motion to deny the motion to dismiss (Dkt. 17) is DENIED as premature, as the motion to dismiss will not be considered until the above noting date. Defendants' motions to strike (Dkts. 18, 21, 23) and Plaintiff's motion to consider his request to proceed (Dkt. 19) are DENIED as moot.

ORDER ON MISCELLANEOUS MOTIONS - 3

III.    **Conclusion**

For the reasons discussed above, the Court ORDERS as follows:

(1)    Defendants' motion to seal (Dkt. 14) is GRANTED;

(2)    Plaintiff's motion to deny motion to dismiss (Dkt. 17) is DENIED as premature;

(3)    Defendants' motions to strike (Dkts. 18, 21, 23) and Plaintiff's motion to consider his request to proceed (Dkt. 19) are DENIED as moot;

(4)    The Clerk is directed to re-note Defendants' motion to dismiss (Dkt. 13) for consideration on **April 24, 2026**. Plaintiff's response to the motion will be due **April 17, 2026**.

Dated this 20th day of March, 2026.

David W. Christel
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 4